```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
INTAZ SAHEBDIN,                                 :
                                                :
                            Plaintiff,          :
            - against –                         :
                                                :    REPORT AND RECOMMENDATION
ANGELA KHELAWAN, A&N WEST                       :
INDIAN AMERICAN GROCERY, a/k/a                  :    21 Civ. 2956 (MKB) (VMS)
A&N FISH MARKET, and YADRAM                     :
HARRY,                                          :
                                                :
                            Defendants.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Intaz Sahebdin ("Plaintiff") brought his complaint ("Complaint") before this Court on May 25, 2021, against defendants Angela Khelawan, A&N West Indian American Grocery, doing business as A&N Fish Market, and Yadram Harry (collectively, "Defendants"). See generally, ECF No. 1. Plaintiff alleges that Defendants subjected him to exploitative work conditions, refused to pay him wages and trafficked him to Suriname in violation of the Trafficking Victims Protection Reauthorization Act (the "TVPRA"), 18 U.S.C. §§ 1584, 1589, 1590 et. seq. and the Thirteenth Amendment of the United States Constitution. See generally, id. Plaintiff also alleges that Defendants are liable under theories of quantum meruit, unjust enrichment, fraud and constructive fraud, false imprisonment, intentional infliction of emotional distress ("IIED") and civil conspiracy. See id. ¶¶ 88-127.

On September 24, 2021, Defendants filed a first motion to dismiss the Complaint ("First MTD") pursuant to Rules 12(b)(1), (b)(6) of the Federal Rules of Civil Procedure ("FRCP"). See ECF No. 13. On September 24, 2022, the District Court (1) denied the First MTD as to Plaintiff's forced labor, trafficking, involuntary servitude and IIED claims; and (2) granted "the

1

motion as to Plaintiff's quantum meruit/unjust enrichment, fraud, and false imprisonment claims." 9/24/2022 Dkt Entry; see Memorandum on First MTD, ECF No. 21.  The District Court also granted the First MTD as to Plaintiff's civil conspiracy claim for fraud and false imprisonment but denied the motion as to Plaintiff's civil conspiracy claim for IIED.  See 9/24/2022 Dkt Entry & ECF No. 21.  The District Court granted Plaintiff leave to file an amended complaint within thirty (30) days of the Court's Memorandum and Order on the First MTD.  See id.  Plaintiff failed to timely file an amended complaint.

Pro se Defendants filed a second motion to dismiss the Complaint ("Second MTD") comprised of a letter signed by individual Defendant Yadram Harry and two copies of individual Defendant Angela Khelawan's medical records.  See ECF No. 38 at 3 and ECF No. 38-1.  Defendants' letter motion states that "Defendant Angela Khelawan who was caring for her [93-year-old] mother . . . with dementia and her sick brother . . . who has stage four terminal cancer has now herself become very ill."  ECF No. 38 at 3.  Defendants bring the Second MTD on the basis that they are "unable to seek counsel or acquire legal aid and do not have the strength or resources to continue with this case[.]"  ECF No. 38 at 3.  On December 12, 2023, Plaintiff filed a letter opposing the Second MTD on the basis that Defendants' "letter does not indicate a legal or factual basis on which they would be making such a motion."  ECF No. 39.  Plaintiff's letter also states that "the parties are ready to proceed with the next steps in this case, and since [Defendants] have not sought new counsel, discovery should be deemed complete as they have not moved regarding an extension of discovery, especially regarding expert discovery."  Id.

Defendants' Second MTD is before this Court on referral from the Honorable Margo K. Brodie for a report and recommendation.  For the following reasons, I respectfully recommend that Defendants' Second MTD be denied in its entirety.

I. **Background**

The parties are referred to the factual background section in the District Court's Memorandum on the First MTD for all relevant facts in this matter. See ECF No. 21 at 2-5.

A. **Procedural Background**

The parties are referred to the procedural background section in the District Court's Memorandum on the First MTD for relevant procedural background. See ECF No. 21 at 5-6. Following the District Court's Memorandum and Order on the First MTD, this Court scheduled an initial conference for November 15, 2022. See ECF No. 22. Plaintiff waived his right to file an amended complaint by October 25, 2022, as granted in this Court's Order on the First MTD. See ECF No. 21. Defendants filed their answer to the Complaint on November 4, 2022. See ECF No. 24. This Court adopted the parties' discovery schedule during the initial conference and scheduled an April 5, 2023 status conference to discuss any outstanding discovery disputes. See 11/15/2022 Dkt. Entry. The status conference was rescheduled for April 11, 2023. See 3/20/2023 Dkt. Entry.

On March 29, 2023, Plaintiff's counsel filed a letter informing the Court of Plaintiff's intention "to file the appropriate discovery motion to compel defendants to respond to plaintiff's discovery request and appear for depositions." ECF No. 27. According to Plaintiff's counsel, Defendants had not responded to the initial document requests that Plaintiff served on them on December 15, 2022. See id. "Furthermore, notices of deposition were served via email on opposing counsel on 02/23/23. The defendants were noticed for 3/21/23 but the defendants did not appear for the depositions." Id. Defendants' counsel filed a letter in response to Plaintiff's March 29, 2023, letter informing the Court that "earlier today, April 3, 2023, Defendants' discovery responses were produced to Plaintiff's counsel," and that depositions remained

3

outstanding.  See ECF No. 28.  During the April 11, 2023 status conference, the parties informed the Court that they were progressing with discovery and expected to comply with the discovery schedule set during the initial conference.  See Dkt. Entry 4/11/2023.  On April 26, 2023, the parties jointly moved for a thirty-day extension of time to complete fact and expert discovery.  See ECF No. 30.  This Court granted the parties' motion and ordered that "[a]ll discovery, including expert depositions, must be completed by 8/30/2023."  Dkt. Entry 04/27/2023.

On August 30, 2023, Defendants' counsel moved to withdraw as counsel of record under Local Rule 1.4 alleging a "significant disagreement" between Defendants and counsel "concerning litigation strategy - - more specifically over expert discovery, coupled with Defendants' nonpayment of the Firm's legal fees."  ECF No. 32 ¶ 23; see ECF No. 31.  Defendants' counsel also requested that the Court stay this matter "for a period of at least sixty days so as to allow Defendants time to obtain other counsel."  Id. ¶ 24.  This Court scheduled an in-person hearing for September 20, 2023 to address Defendants' counsel's motion to withdraw.  See Dkt. Entry 8/31/2023.  Following the hearing, this Court ordered Defendants "to submit, either themselves or through their counsel, a letter containing their position as to the motion to withdraw . . . . If Defendants consent to the withdrawal, in their letter, they are to (1) indicate the amount of time needed to secure new counsel, if they choose to do so, and (2) provide contact information for Defendants, including the name, phone number, address, and email address for each."  Dkt. Entry 9/28/2023.  On October 2, 2023, Defendants' counsel addressed a letter to the Court on Defendants' behalf stating that "Defendants notified the undersigned that they are terminating the Firm's representation of Defendants effective immediately" and "request a period of at least 90-120 days to secure new counsel."  ECF No. 37 at 1.  This Court subsequently granted Defendants' counsel's motion to withdraw and provided Defendants with

"60 days, or through 12/11/2023, to retain new counsel." Dkt. Entry 10/12/2023. Defendants did not have counsel appear on their behalf.

The Court's Pro Se office filed pro se Defendants' Second MTD on the docket. See ECF No. 38. In the letter motion, dated December 1, 2023, individual Defendant Yadram Harry requests that the Court dismiss the case on the basis that "Defendant Angela Khelawan who was caring for her [93-year-old] mother . . . with dementia and her sick brother . . . who has stage four terminal cancer has now herself become very ill." Id. at 3. The letter also states that pro se Defendants are "unable to seek counsel or acquire legal aid and do not have the strength or resources to continue with this case, therefore [Defendants] are kindly requesting the court to move forward with a final decision and close this case." Id. Five days later, Plaintiff filed a letter opposing the Second MTD on the basis that Defendants' "letter does not indicate a legal or factual basis on which they would be making such a motion." ECF No. 39. Plaintiff's letter also states that "the parties are ready to proceed with the next steps in this case, and since [Defendants] have not sought new counsel, discovery should be deemed complete as they have not moved regarding an extension of discovery, especially regarding expert discovery." Id.

## II.     Legal Standard

A defendant may bring a motion to dismiss for "(1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Fed. R. Civ. P. 12(b). "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Id.; see Star Auto Sales of Queens LLC v. Iskander, No. 19 Civ. 6791 (RPK) (ST), 2023 WL 5631155, at *2 (E.D.N.Y. Apr. 20, 2023).

In <u>Patel v. Contemp. Classics of Beverly Hills</u>, 259 F.3d 123 (2d Cir. 2001), the Second Circuit held that although "[t]his Court has never expressly addressed the question whether a district court may entertain a motion to dismiss . . . when it is filed after the close of pleadings . . . many district courts that so regularly face this quandary have concluded that the appropriate response is to treat such an untimely motion to dismiss as a motion for judgment on the pleadings under Rule 12(c)." 259 F.3d at 125-26.  The <u>Patel</u> Court interpreted the untimely motion to dismiss as a Rule 12(c) motion because "[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim."  <u>Id.</u> at 126.

Applying the Rule 12(b)(6) standard to a Rule 12(c) motion "means '[a]ccepting the non-moving party's allegations as true and viewing the facts in the light most favorable to that party,' and granting judgment on the pleadings 'if the moving party is entitled to judgment as a matter of law.'"  <u>Montgomery v. Holland</u>, 408 F. Supp. 3d 353, 361 (S.D.N.Y. 2019), <u>aff'd sub nom. Montgomery v. NBC Television</u>, 833 F. App'x 361 (2d Cir. 2020) (citing & quoting <u>Richards v. Select Ins. Co.</u>, 40 F. Supp. 2d 163, 165 (S.D.N.Y. 1999)).  "Under Rule 12(c), a party is entitled to judgment on the pleadings 'only if it has established that no material issue of fact remains to be resolved.'"  <u>Id.</u>  (citing & quoting <u>Juster Assocs. v. City of Rutland, Vt.</u>, 901 F.2d 266, 269 (2d Cir. 1990)).  "'On a [Rule] 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'"  <u>Id.</u> (citing & quoting <u>L-7 Designs, Inc. v. Old Navy, LLC</u>, 647 F.3d 419, 422 (2d Cir. 2011)).

"A document filed <u>pro se</u> is to be liberally construed."  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal quotations omitted).  "A <u>pro se</u> litigant's pleadings and submissions must be

construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" Samuels v. Comm'r of Soc. Sec., No. 16 Civ. 5507 (NSR) (LMS), 2019 WL 2526943, at *2 (S.D.N.Y. May 21, 2019), report & recommendation adopted, No. 16 Civ. 5507 (NSR), 2019 WL 2524843 (S.D.N.Y. June 19, 2019) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

### III. Discussion

In its Memorandum on Defendants' First MTD, the District Court established that Plaintiff's Complaint sufficiently pled facts to support his claims of forced labor, trafficking, involuntary servitude, IIED and civil conspiracy claim for IIED to survive a motion to dismiss under FRCP Rules 12(b)(1) and 12(b)(6).[1]  See ECF No. 21 at 12-15, 17, 30 & 33.  The District Court granted Plaintiff leave to amend the Complaint, but Plaintiff did not amend his pleadings. This Court thus determines that Defendants' Second MTD seeks to dismiss Plaintiff's remaining claims of forced labor, trafficking, involuntary servitude, IIED and civil conspiracy claim for IIED from the initial Complaint.  This motion essentially duplicates the motion already denied by the Court and is subject to law of the case.

Defendants answered the Complaint on November 4, 2022, more than a year before filing the Second MTD.  See ECF Nos. 24 & 38.  Under the FRCP, a motion to dismiss must be brought before a responsive pleading.  See Fed. R. Civ. P. 12(b).  Applying Patel, this Court treats Defendants' "untimely motion to dismiss as a motion for judgment on the pleadings under Rule 12(c)." 259 F.3d at 125-26.  This Court also applies the liberal standard used to construe pro se litigants' pleadings to Defendants' Second MTD, which standard requires that courts raise

---

[1] As stated above, the District Court otherwise granted the First MTD as to Plaintiff's quantum meruit/unjust enrichment, fraud and false imprisonment claims, as well as to Plaintiff's civil conspiracy claim for fraud and false imprisonment claims.  See ECF No. 21 at 35.

"the strongest arguments [pro se litigants'] suggest.'" Samuels, 2019 WL 2526943, at *2 (quoting Triestman, 470 F.3d at 474).

Plaintiff opposes the Second MTD by claiming that Defendants' letter "does not indicate a legal or factual basis on which they could be making such a motion." ECF No. 39. This Court agrees. Even applying the more liberal standard to pro se Defendants' Second MTD, the Court finds that Defendants fail to meet the Rule 12(c) standard. Rather than address the remaining claims and factual allegations raised in Plaintiff's pleadings, Defendants move to dismiss the Complaint on the basis that they are "unable to seek counsel or acquire legal aid and do not have the strength or resources to continue with this case[.]" ECF No. 38 at 3. Although the Court is sympathetic to Defendants' health and financial conditions, Defendants have not attempted to establish, let alone demonstrated, that no material issue of fact remain to be resolved in the Complaint. See Montgomery, 408 F. Supp. 3d at 361 (S.D.N.Y. 2019).

### IV.    Conclusion

For the reasons discussed above, the Court respectfully recommends that the motion to dismiss be denied in its entirety.

### V.    Objections

This report and recommendation will be filed electronically and will be mailed to Angela Khelawan and Yadram Harry at 91-16 182nd Street, Hollis, NY 11423. Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation by both the

District Court and the Court of Appeals. See Miller v. Brightstar 30 Asia, Ltd., 43 F. 4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate's recommended decision, it waives any right to further review of that decision" (citation & quotations omitted)).

Dated: Brooklyn, New York
      August 12, 2024

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge