UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
INTAZ SAHEBDIN,

                    Plaintiff,                **ORDER**
                                                          21-CV-2956 (MKB) (VMS)
        v.

ANGELA KHELAWAN, A&N WEST INDIAN
AMERICAN GROCERY, *a/k/a* A&N FISH
MARKET, and YADRAM HARRY,

                    Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Intaz Sahebdin commenced the above-captioned action on May 25, 2021, against Defendants Angela Khelawan, A&N West Indian American Grocery, doing business as A&N Fish Market, and Yadram Harry, alleging that Defendants subjected him to exploitative work conditions, refused to pay him wages, and trafficked him to Suriname, in violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1584, 1598, 1590 *et seq.* ("TVPRA"), and the Thirteenth Amendment of the United States Constitution.  (Compl. ¶¶ 2–3, 61–87, Docket Entry No. 1.)  Plaintiff also alleged that Defendants are liable under theories of quantum meruit, unjust enrichment, fraud and constructive fraud, false imprisonment, intentional infliction of emotional distress, and civil conspiracy.  (*Id.* ¶¶ 88–127.)

        On December 7, 2023, Defendants moved for a second time to dismiss the Complaint, (Defs.' Mot. to Dismiss ("Defs.' Mot."), Docket Entry No. 38), and on March 4, 2024, the Court referred Defendants' motion to Magistrate Judge Vera M. Scanlon for a report and recommendation, (Order dated Mar. 4, 2024).  By report and recommendation dated August 12, 2024, Judge Scanlon recommended treating the motion as a motion for judgment on the

pleadings and also recommended that the Court deny Defendants' motion in its entirety ("R&R"). (R&R 6, 8, Docket Entry No. 40.) For the reasons discussed below, the Court construes Defendants' motion as a motion for judgment on the pleadings and denies the motion.

## I. Background

On September 24, 2021, Defendants, through counsel, moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Defs.' First Mot. to Dismiss, Docket Entry No. 13.) By Memorandum and Order dated September 24, 2022, the Court denied the motion as to Plaintiff's forced labor, trafficking, involuntary servitude, and intentional infliction of emotional distress claims, but granted the motion as to Plaintiff's quantum meruit, unjust enrichment, fraud, and false imprisonment claims (the "September 2022 Decision"). (Sept. 2022 Decision 35, Docket Entry No. 21.) The Court also granted Defendants' motion as to Plaintiff's civil conspiracy claim for fraud and false imprisonment but denied the motion as to Plaintiff's civil conspiracy claim for intentional infliction of emotional distress. (*Id.*)

On August 30, 2023, Defendants' counsel moved to withdraw, (Defs.' Mot. to Withdraw as Attorney, Docket Entry No. 31), alleging a "significant disagreement" between Defendants and counsel "concerning litigation strategy," coupled with "nonpayment of the Firm's legal fees," (Decl. of Danielle E. Mietus in Supp. of Defs.' Mot. to Withdraw as Attorney ¶ 23, Docket Entry No. 32). Magistrate Judge Vera M. Scanlon granted the motion on October 12, 2023. (Order dated Oct. 12, 2023.) Defendants have not retained new counsel to represent them.

Defendants subsequently filed a letter signed by Harry and copies of Khelawan's medical records, seeking dismissal of the action. (*See* Defs.' Mot.; Medical Records as to Angela Khelawan, Docket Entry No 38-1.) Defendants state in their submission that Khelawan "was caring for her elderly . . . mother . . . and her sick brother . . . [and] has now herself become

2

extremely ill," and that Harry "has now become the caretaker for all [three] and [is] unable to manage the financial, mental and physical stress of [his] job [and] family." (Defs.' Mot. 1.) Defendants also state that they are "unable to seek counsel or acquire legal aid and do not have the strength or resources to continue with this case," and therefore request that the court "move forward with a final decision and close this case." (*Id.*)  On December 12, 2023, Plaintiff opposed Defendants' motion, arguing that they "do[] not indicate a legal or factual basis on which they would be making such a motion." (Pl.'s Opp'n to Defs.' Mot., Docket Entry No. 39.)

## II. Discussion

No objections to the R&R have been filed and the time for doing so has passed.[1]

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk County*,

---

[1] On September 4, 2024, the Court received a letter from Defendants restating their request to dismiss this action. (*See* Letter Mot. to Dismiss, Docket Entry No. 41.) Defendants' letter does not specifically object to the R&R but restates the arguments made in their motion that they "cannot fight this case any longer" and are unable to retain counsel due to their limited financial resources and Khelawan's illness. (*Id.*)  Because Defendants' letter does not object to the R&R, the Court reviews the R&R for clear error.

531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court construes Defendants' motion as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and denies the motion.

Dated: September 9, 2024
      Brooklyn, New York

                            SO ORDERED:

                                     s/MKB
                            MARGO K. BRODIE
                            United States District Judge