UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
INTAZ SAHEBDIN,

                         Plaintiff,

        v.

ANGELA KHELAWAN, A&N WEST INDIAN
AMERICAN GROCERT, *a/k/a* A&N FISH
MARKET, and YADRAM HARRY,

                         Defendants.
-----------------------------------------------------------------

**ORDER**
21-CV-2956 (MKB) (VMS)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Intaz Sahebdin commenced the above-captioned action on May 25, 2021, against Defendants Angela Khelawan, A&N West Indian American Grocery ("A&N"), doing business as A&N Fish Market, and Yadram Harry, alleging that Defendants subjected him to exploitative work conditions, refused to pay him wages, and trafficked him to Suriname, in violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1584, 1598, 1590 *et seq.* ("TVPRA"), and the Thirteenth Amendment of the United States Constitution. (Compl. ¶¶ 2–3, 61–87, Docket Entry No. 1.)  Plaintiff also alleged that Defendants are liable under theories of quantum meruit, unjust enrichment, fraud and constructive fraud, false imprisonment, intentional infliction of emotional distress, and civil conspiracy. (*Id.* ¶¶ 88–127.)

      On January 8, 2025, Plaintiff moved to strike A&N's answer and to enter default judgment against A&N. (Pl.'s Mot. for Default J. ("Pl.'s Mot."), Docket Entry No. 52; Pl.'s Mem. in Supp. of Pl.'s Mot., Docket Entry No. 52-1.)  On January 10, 2025, the Court referred Plaintiff's motion for default judgment to Magistrate Judge Vera M. Scanlon for a report and recommendation. (Order dated Jan. 8, 2025.)  By report and recommendation dated August 13,

**DRAFT 9/15/2025 4:58 PM**

2025, Judge Scanlon recommended that the Court strike A&N's answer and deny Plaintiff's motion for default judgment without prejudice (the "R&R"). (R&R, Docket Entry No. 59.) Judge Scanlon further recommended that although the certificate of default was prematurely entered, that it be allowed to stand with a *nunc pro tunc* date of the date of the adoption of the R&R, if adopted. For the reasons discussed below, the Court adopts the R&R and strikes A&N's answer, denies Plaintiff's motion for default judgment, and allows the certificate of default to stand with a *nunc pro tunc* date of September 15, 2025.

**I. Background**

On August 30, 2023, Defendants' counsel moved to withdraw from representation of Defendants, (Defs.' Mot. to Withdraw, Docket Entry No. 31), alleging a "significant disagreement" between Defendants and counsel "concerning litigation strategy," coupled with "nonpayment of [counsel's] legal fees," (Decl. of Danielle E. Mietus in Supp. of Defs.' Mot. to Withdraw ¶ 23, Docket Entry No. 32). Defendants consented to the motion, (Ltr. of Danielle E. Mietus, Docket Entry No. 37), and Judge Scanlon granted the motion on October 12, 2023, (Order dated Oct. 12, 2023). The Court gave Defendants sixty days to obtain new counsel. (*Id.*) Defendants failed to obtain counsel by the deadline and filed a second motion to dismiss[1] stating that they are "unable to seek counsel or acquire legal aid and do not have the strength or resources to continue with this case." (Defs.' Second Mot. to Dismiss, Docket Entry No. 38.) Judge Scanlon recommended the Court deny the motion to dismiss in its entirety which the Court

---

[1] Defendants previously filed a motion to dismiss for failure to state a claim and for lack of jurisdiction on September 24, 2021. (Defs.' Mot. to Dismiss, Docket Entry No. 13.) On September 24, 2022, the Court granted Defendants' motion in part and dismissed Plaintiff's quantum meruit/unjust enrichment, fraud, false imprisonment, and civil conspiracy claims for fraud and false imprisonment. (Mem. & Order Granting in Part & Denying in Part Defs.' Mot. to Dismiss 35, Docket Entry No. 21.) The Court denied Defendants' motion as to Plaintiff's forced labor, trafficking, involuntary servitude, and intentional infliction of emotional distress claims. (*Id.*)

adopted on September 9, 2024. (Aug. 2024 R&R, Docket Entry No. 40; Order Adopting Report & Recommendation, Docket Entry No. 42.)

Judge Scanlon issued an order scheduling a status conference and, in the order, informed A&N that it "must be represented by counsel in order to continue to litigate this case" because "Corporate Defendants may not proceed *pro se*." (Order dated Aug. 12, 2024.) The Court warned A&N that it must have an attorney file an appearance within thirty days of the order, or the Court would permit Plaintiff "to file a pre[-]motion conference letter requesting leave to make a motion to strike the answer as to [A&N] and, if the motion is granted, to move for a default certificate, then a default judgment." (*Id.*) Defendants failed to retain counsel and filed a third motion to dismiss which the Court denied in an order dated September 23, 2024 ("September 2024 Order"). (Defs.' Third Mot. to Dismiss, Docket Entry No. 41; Order dated Sept. 23, 2024.) In the September 23, 2024 Order, the Court directed Plaintiff to "file a proposed briefing schedule for his motion to strike the answer of [A&N] and for his motion for default judgment." (Order dated Sept. 23, 2024.) The Court adopted Plaintiff's proposed schedule. (Order dated Oct. 29, 2024.) On December 13, 2024, Plaintiff requested a certificate of default as to A&N, (Request for Certificate of Default, Docket Entry No. 48), and the Clerk of Court entered a certificate of default on December 19, 2024, (Entry of Default, Docket Entry No. 51). On January 8, 2025, Plaintiff moved to strike A&N's answer and for a default judgment against A&N. (Pl.'s Mot.) A&N has not responded to Plaintiff's motion for default judgment.

In the R&R, Judge Scanlon recommends that the Court strike A&N's answer and deny Plaintiff's motion for default judgment. (R&R 1.) Judge Scanlon further recommends that although the certificate of default was prematurely entered, that it be allowed to stand with a *nunc pro* tunc date of the date of the adoption of the report and recommendation, if adopted.

3

No objections to the R&R have been filed and the time for doing so has passed.

**II. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Burke v. Hous. & Servs., Inc.*, No. 23-635, 2024 WL 2207054, at *1 (2d Cir. May 16, 2024) (quoting *Smith*, 782 F.3d at 102), *cert. denied,* 145 S. Ct. 1962 (2025); *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (internal quotation marks omitted) (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson,*

4

*Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

For the foregoing reasons, the Court strikes A&N's answer and denies Plaintiff's motion for default judgment and permits the certificate of default to stand with a *nunc pro tunc* date of September 15, 2025.

Dated:  September 15, 2025
          Brooklyn, New York

                                        SO ORDERED:

                                        _____
                                        MARGO K. BRODIE
                                        United States District Judge

5